NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEY EQUITY INVESTORS, INC., individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SEL-LEB MARKETING INC., HAL MARKOWITZ, JACK KOEGEL, PAUL SHARP, GEORGE FISCHER AND J.H. COHN, LLP<br><br>　　　　Defendants. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No. 04-CV-1675 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

　　This matter comes before the Court upon motion by Individual Defendants Hal Markowitz, Jack Koegel and Paul Sharp, and Co-Defendant J.H. Cohn LLP, separately filed, to dismiss Plaintiff Key Equity Investors' ("Plaintiff's") Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted, and Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity. For the following reasons, Defendants' motions are **granted**.

**I. BACKGROUND**

　　This is an action for securities fraud brought on behalf of purchasers of the common stock of Sel-Leb, seeking damages for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Act"), as amended, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5,

promulgated thereunder, 17 C.F.R. § 240.10b-5. This court has jurisdiction pursuant to 28 U.S.C. §1331 and §1337. The asserted class period is from April 5, 2002 to February 25, 2004.

Defendant Sel-Leb Marketing Inc. ("Sel-Leb") is a New York corporation with its principal executive offices located in Paterson, NJ. Complaint at ¶7. Sel-Leb distributes and markets consumer merchandise to retail sellers such as mass merchandisers, discount chain stores, and food, drug and electronic retailers. Id. Defendant Harold Markowitz ("Markowitz") was the Chairman of the Board of Directors of Sel-Leb. Id. at ¶8. Defendant Paul Sharp was the President, Chief Executive Officer and a director of Sel-Leb. Id. at ¶9. Defendant Jack Koegel was the Chief Operating Officer and a director of Sel-Leb. Id. at ¶10. Defendant J.H. Cohn LLP, an independent accounting and consulting firm with a principal place of business located in Roseland, New Jersey, was Sel-Leb's auditor at all times relevant to this action. Id. at ¶12.

The allegations in the Complaint are based upon the "investigation of plaintiff's counsel" which include a review of Securities and Exchange Commission ("SEC") filings made by Sel-Leb, regulatory filings and reports, press releases and other public statements issued by the Sel-Leb, and media reports about Sel-Leb. See Complaint, pg 1. In its Complaint, Plaintiff alleges that Defendants (collectively) issued materially false and misleading financial statements and press releases concerning Sel-Leb's revenues, income, and earnings per share. Complaint at ¶42. Plaintiff contends that as a result of these misrepresentations and omissions of material facts, the market price of Sel-Leb's securities was artificially inflated and Plaintiff was damaged thereby. Id. at ¶55. Additionally, Plaintiff alleges Individual Defendants had the requisite access and knowledge to prevent the issuance of these statements or cause the statements to be corrected. Id. at ¶58-59.

Plaintiff alleges that Defendants repeatedly made material misrepresentations of fact in

various public disclosures. First, Plaintiff contends that the Form 10KSB ("10KSB") filed by Defendant Sel-Leb on December 31, 2001 stated that Sel-Leb earned $443,669, when in fact it sustained $1.4 million in losses. Id. at ¶21. Next, Plaintiff alleges misleading statements were made by Defendants in six different press releases in 2002, specifically dated April 8, May 16, August 15, September 13, November 18, and December 24. Id. at ¶22-30. Additionally, Plaintiff refers to two filings of a Form 12b-25 by Sel-Leb, on March 31, 2003 and May 16, 2003. Id. at ¶31-34. Finally, Plaintiff identifies four additional press releases issued in 2003, dated May 22, July 24, and October 15, and one press release issued in February 24, 2004. Id. at ¶35-38. Plaintiff asserts that all of the referenced statements, "implicitly and/or expressly [] prepared in conformity with generally accepted accounting principles (GAAP), were materially false and misleading" in that they overstated Sel-Leb's revenues, income, and earnings. Id. at ¶42.

## II. GOVERNING LEGAL STANDARDS

### Standard for Dismissal under 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint for failure to state a claim upon which relief can be granted. When deciding a 12(b)(6) motion to dismiss, all allegations in the Complaint must be taken as true, and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). "We must determine whether, under any reasonable reading of the pleadings, the plaintiffs may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

When deciding a motion to dismiss for failure to state a claim, courts in the Third Circuit may review facts alleged in the Complaint, documents explicitly relied upon or incorporated by reference in the Complaint, and may examine other documents integral to the Complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with allegations," a court shall dismiss a complaint for failure to state a claim. Hechuan v. King & Spalding, 467 U.S. 69, 73 (1984); Lynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

### *Section 10(b) and Rule 10b-5*

Section 10(b) of the Act prohibits the use of fraudulent schemes or devices in connection with the purchase or sale of securities. 15 U.S.C. § 78j(b). Under Section 10(b) it is unlawful "[t]o use or employ, in connection with the purchase or sale of any security...any manipulative or deceptive device or contrivance in contravention" of any rule promulgated by the SEC designed to protect the investing public. 15 U.S.C. § 78j(b). To implement the statute, the SEC enacted Rule 10b-5, violation of which gives rise to a private cause of action. Ernst & Ernst v. Hochfelder, 425 U.S. 185 (1976); Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975). Rule 10b-5 makes it unlawful:

> (a) [t]o employ any device, scheme, or artifice to defraud,(b) [t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or (c) to engage in any act, practice, or course of business which operates or would operate as fraud or deceit upon any person in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b-5. Standing to bring a private cause of action under Section 10b-5 is limited to actual purchasers or sellers of securities. See Blue Chip, 421 U.S. at 749.

To establish a claim under 10(b) and 10b-5, Plaintiff must show that Defendants "(1) made a misrepresentation or omission of (2) a material (3) fact; (4) that the defendant acted with knowledge or recklessness; (5) that the plaintiff reasonable relied on the misrepresentation or omission and (6) consequently suffered damages". In re Advanta Corp. Sec. Litig., 180 F.3d 525, 537 (3d Cir. 1999); In re Westinghouse Sec. Litig., 90 F.3d 696, 710 (3d. 1996). If Plaintiff fails to allege any of these elements, the complaint must be dismissed.

*Applicability of Rule 9(b)*

Because Section 10(b) claims sound in fraud, Plaintiff must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). In other words, plaintiffs asserting securities fraud claims must specify "'the who, what, when, where and how: the first paragraph of any newspaper story.'" In re Advanta at 534 (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)). The heightened pleading standard gives defendants "notice of the claims against them, provides an increased measure of protection for their reputations, and reduces the number of frivolous suits brought solely to extract settlements." In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1418 (3d Cir. 1996). Rule 9(b) requires Plaintiff to plead with particularity (1) a specific misrepresentation or omission of material fact (2) the knowledge by Defendants of its falsity (3) ignorance of its falsity by the Plaintiff (4) the intention of Defendants that it should be acted upon and (5) that Plaintiff acted upon it to the detriment of Plaintiff. See Rockefeller Center Properties,

Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002). However, the particularity requirement of Rule 9(b) is "relaxed somewhat where the factual information is peculiarly within the defendant's knowledge or control." In re Burlington Coat Factory, 114 F.3d at 1418.

*Private Securities Litigation Reform Act*

In addition to the requirements of Rule 9(b), complaints alleging securities fraud must also meet the requirements of the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. §78u-4. See In re Party City Sec. Litig., 147 F.Supp.2d 282, 299 (D.N.J. 2001); Oran v. Stafford, 34 F.Supp. 2d 906, 909 (D.N.J. 1999) aff'd 226 F.3d 275 (3d Cir. 2000) ([a] Rule 10b-5 plaintiff must satisfy the heightened pleading requirements set out in Rule 9(b) and the PSLRA.) Under the PSLRA, complaints that allege Section 10(b) claims must set forth "each statement alleged to be misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information or belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Furthermore, in securities fraud claims where recovery of monetary damages is contingent on proof that the defendant acted with a particular state of mind, the PSLRA requires that the complaint must also "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2); Oran v. Stafford, 226 F.3d 275, 288 (3d Cir. 2000). In In re Advanta, the Third Circuit noted that in Rule 10b-5 actions, this requirement supersedes the provisions of Rule 9(b) to the extent that Rule 9(b) would otherwise permit a state of mind to be averred generally. In re Advanta, 180 F.3d at 531 n.5. A plaintiff may establish this inference of scienter either by alleging facts to show that defendants had both motive and opportunity to commit fraud, or by alleging facts that constitute strong circumstantial evidence of conscious

misbehavior or recklessness. Burlington, 114 F.3d at 1418 (quoting Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995). "In other words, pursuant to this 'modified' Rule 12(b)(6) analysis, 'catch-all' or 'blanket' assertions that do not comply withy the particularity requirements are disregarded." Cal. Pub. Employees Ret. Sys. v. Chubb Corp., 394 F.3d 126, 144 (3d Cir. 2004). A complaint that fails to comply with the requirements of the PSLRA must be dismissed. 15 U.S.C. §78u-4(b)(3)(A).

### Section 20(a)

The second claim of Plaintiff's Complaint alleges a violation of Section 20(a) of the Act by Individual Defendants. Section 20(a) imposes joint and several liability on any person who "controls a person liable under any provision of the [Exchange Act]." Shapiro v. UJB Financial Corp., 964 F.2d 272, 279 (3d Cir. 1992). A plaintiff must "prove not only that one person controlled another person, but also that the 'controlled person' is liable under the Act. If no controlled person is liable, there can be no controlling person liability." Id. Because Section 20(a) is a predicate offense, a violation of some other section of the act must exist in order for it to be applicable. 15 U.S.C. § 78t(a).

### III. ANALYSIS

### 15 U.S.C. § 78u-4(b)(1)

Individual Defendants move to dismiss Plaintiff's Section 10(b) claim for failure to meet the pleading requirements of the PSLRA and Rule 9(b). Because plaintiffs asserting Section 10(b) claims must specifically identify the statements which they contend were false and misleading, "they may not benefit from inferences flowing from vague or unspecific allegations." Rockefeller, 311 F.3d at 223. Here, Plaintiff alleges that virtually every disclosure made by the Company during the

class period was false and misleading. As such, the Court must concern itself with whether Plaintiff has specified "the reason or reasons why the statements are misleading" and if any of the allegations regarding the statements are made on information and belief, be sure that the complaint states with particularity all facts on which the belief is formed. See Chubb at 145(quoting 15 U.S.C. § 78u-4(b)(1)).

Plaintiff highlights four specific reasons as to why Defendants' financial statements were materially false and misleading: (1) pre-tax earnings for fiscal year 2001 were overstated by approximately $1.8 million; (2) the Company incurred a pre-tax loss of approximately $3.8 million for fiscal year 2002; (3) the Company was in default on the terms of the credit facility with Merrill Lynch and (4) the Company's financial statements issued during the Class Period were not prepared in accordance with GAAP. Comp. at ¶44.

With regard to the first two claims, Plaintiff is essentially claiming that Defendants misstated their earnings. Because Plaintiff points to specific figures that were inaccurately reported, the Court finds that these facts have been pleaded with specificity.

However, with regard to the other two claims, the Court does not find that Plaintiff has stated its reasoning with particularity. Although Plaintiff states generally that the financial statements were not completed in accordance with GAAPs, it has not alleged with any detail what principles or principles were violated by Defendants. "Where plaintiffs alleged that defendants distorted certain data disclosed to the public by using unreasonable accounting principles...plaintiffs must state what the unreasonable practices were and how they distorted the disclosed data" In re Burlington Coat at 1417-18.

Plaintiff's assertion that Defendants were in default on the terms of the credit facility with

Merrill Lynch was made upon its "information and belief." Comp. ¶30. The Third Circuit has adopted the Second Circuit's interpretation of the proper means of assessing the sufficiency of allegations made on information and belief pursuant to 15 U.S.C. § 78u-4(b)(1). Pursuant to that view, "plaintiffs need only plead with particularity sufficient facts to support" the beliefs, and need not plead with particularity "every single fact upon which their beliefs concerning false or misleading statements are based." Chubb at 146 (quoting Novak v. Kasaks, 216 F.3d 300, 314 (2d Cir.2000)). The Court is hard-pressed to find sufficient facts to support Plaintiff's belief about Defendants relationship with Merrill Lynch. As pointed out in Individual Defendant's moving papers, the fact that Defendants maintained an operating line of credit with Merrill Lynch, renewable annually, was disclosed to the public in the November 18, 2002 press release issued by Sel-Leb. In that press release, Sel-Leb told investors that the terms of the credit facility were being renegotiated on October 21, 2002, because it was the date for renewal of the credit facility. Although Plaintiff claims in its Complaint that the reason the credit line was renegotiated was because of the financial trouble of Sel-Leb, it has not alleged with particularity this reasoning.

Thus, the Court finds that Plaintiff has stated with particularity the reasons that Defendants statements were false and misleading with regard to overstated earnings, but failed to alleged with particularity its reasons with regard to violations of GAAP principles and its information and belief assertions relating the Merrill Lynch credit facility.

*15 U.S.C. 78u-4(b)(2)*

As discussed above, the PSLRA requires that a complaint "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."15 U.S.C. § 78u-4(b)(2). Here, Defendants claim that Plaintiff has failed to plead facts that give rise to a strong

inference of scienter.

"Scienter is a mental state embracing intent to deceive, manipulate or defraud." In re Reliance Sec. Litig., 135 F.Supp.2d 480, 506 (D.Del.2001)(quoting Dirks v. SEC, 463 U.S. 646(1983) (internal quotations omitted). Pursuant to the law of this Circuit, a plaintiff may establish a strong inference of scienter "by alleging facts establishing a motive and an opportunity to commit fraud, or by setting forth facts that constitute circumstantial evidence of either reckless or conscious behavior." In re Burlington Coat Factory, 114 F.3d at 1418; see also In re Adavanta at 534-35.

The Complaint alleges that "defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted in reckless disregard for the truth in that they failed to ascertain and disclose such facts" Comp. at 53. Plaintiff alleges that Defendants motive in making misleading statements was to "conceal[] Sel-Leb's operating condition and business prospects from the investing public and supporting the artificially inflated price of its securities." Id. In addition, Plaintiff argues that defendants were motivated to conceal the deteriorating status of the Company to maintain Sel-Leb's credit facility with Merrill Lynch." Id.

*A) Motive and Opportunity*

The Circuit permits allegations of scienter based upon a showing of motive and opportunity. See Oran, 226 F.3d at 288. Here, Plaintiff claims that scienter can be imputed to the Defendants because they engaged in a scheme to "conceal operating conditions and business prospects from the public." Comp. at 53. "The desire to satisfy investors and lenders as to a company's financial soundness is insufficient, by itself, to demonstrate scienter." Party City at 314 (citing San Leandro, 75 F.3d at 813; In re Green Tree, 61 F.Supp 2d at 874). There is no support for Plaintiff's allegation of scienter except for Defendants' apparent desire to maintain the Company's credit facility with

-10-

Merrill Lynch. The Court has already determined that this allegation on its face is unparticularized and insufficient. As such, Plaintiff has failed to allege particularized facts which give rise to an inference of scienter on motive and opportunity.

### B) Conscious or Reckless Behavior

Fraudulent intent may also be established through strong circumstantial evidence of conscious misbehavior or recklessness. In re Burlington Coat Factory, 114 F.3d at 1418. With respect to the Individual Defendants, the conduct in question must be that "which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the [defendants] or so obvious that the [defendants] must have been aware of it. In re Carter-Wallace, Inc. Sec. Litig, 220 F.3d at 39(2d. Cir. 2000). With respect to the Auditor Defendant J.H. Cohn, the conduct must be "highly unreasonable, representing an extreme departure from the standards of ordinary care [and] must, in fact, approximate an actual intent to aid in the fraud being perpetrated by the audited company." Nappier v. PricewaterhouseCoopers LLP, 227 F.Supp. 2d 263, 275 (D.N.J. 2002). In the present matter, Plaintiff has not made any assertions that meet its burden as to either set of Defendants. It claims that Individual Defendants acted with "reckless disregard for the truth in that they failed to ascertain and disclose such facts, even though facts were available to them." Comp. at 53. However, "it is well-established that a pleading of scienter may not rest on a bare inference that a defendant must have had knowledge of the facts." In re Advanta, 180 F.3d at 539. Also, the fact that a company announces that it will restate its prior financial statements is not by itself sufficient to impute scienter to the company's auditors. See Kennilworth Partners L.P. v. Cendant Corp., 59 F.Supp 2d 417, 429 (D.N.J. 1999). Thus, the Court finds that Plaintiff has not alleged specific facts that constitute strong

circumstantial evidence of conscious misbehavior or recklessness.

In sum, the Court finds that the allegations made by Plaintiff are insufficient to produce a strong inference of fraudulent intent by any of the Defendants, and that Plaintiff has therefore not met its burden under 15 U.S.C. § 78u-4(b)(2).

*Forward-Looking Statements*

Under the PSLRA, there shall be no liability for forward-looking statements when such a statement is "accompanied by meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statements." 15 U.S.C. § 78u-5(c)(1)(B). In addition, even if not accompanied by meaningful cautionary language, liability may only be imposed for a forward-looking statement if the plaintiff can demonstrate the statement was made with actual knowledge of its falsity. 15 U.S.C. § 78u-5(c)(1)(B); In re Advanta at 535-6.

Here, Plaintiff alleges that various press releases issued by the Company included misleading statements. Defendants contends that these are protected under the PSLRA safe harbor provision because they are forward-looking and accompanied by meaningful cautionary language.

A statement is forward-looking if it is a "statement containing a projection of revenues, income (including income loss), earnings (including earnings loss) per share, capital expenditure, dividends, capital structure, or other financial items, a statement of the plans and objectives of management for future operations, or a statement of future economic performance." 15 U.S.C. 78u-5(i)(1)(A-C). The Court agrees that the statements in question were indeed forward-looking, and that they included cautionary language. Specifically, all of the press releases stated: "the statements which are not historical fact contained herein are forward-looking statements that relate to plans for

-12-

future activities." Thus, because Plaintiffs have not shown actual knowledge of the falsity of the statements, Defendants can not be held liable for the forward looking statements included in their press releases.

*Summary*

In sum, Plaintiff has failed to allege fraud with particularity as required by Rule 9(b) and the PSLRA. As such, Defendants' motions to dismiss the First Claim of Plaintiff's Complaint must be granted.

*Dismissal of Section 20(a) Claim*

In the Second Claim of its Complaint, Plaintiff alleges that the Individual Defendants violated Section 20(a) "by virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statement filed by the Company wit the SEC." Comp. at 58. However, liability under Section 20(a) is predicated upon a independent violation of some other section of the Exchange Act. Because Plaintiff has not sufficiently pleaded violations fo Section 10(b) or Rule 10b-5, the Second Claim of Plaintiff's Complaint must be dismissed.

*Dismissal With Prejudice*

As stated above, Plaintiff's Complaint must be dismissed for failure to satisfy the pleading standards required under Rule 9(b) and the PSLRA. Under Third Circuit jurisprudence, a Court faced with a securities fraud complaint may deny leave to replead in instances of undue delay or futility. See In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 280-81 (3d. Cir. 2004). Here, over one year and a half has passed since the filing of Plaintiff's Complaint. As such, Plaintiff has had more than enough time to bring any new information to the attention of the Court. In addition, the

Court finds that because of the deficient nature of the Complaint, any amendment to the Complaint would be futile. As such, Plaintiff is denied leave to replead.

## IV. CONCLUSION

For the foregoing reasons, Individual Defendants' motion to dismiss and Defendant J.H. Cohn's motion to dismiss are **granted.** Plaintiff's Complaint is **dismissed with prejudice**.

Dennis M. Cavanaugh, U.S.D.J.

Date: November 29, 2005
Original: Clerk's Office
Copies: All Counsel of Record
The Honorable Mark Falk, U.S.M.J.
File